**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LARVICTOR FLOURNOY,

    Plaintiff,

-v-                                  Case No. 8:13-CV-2481-T-30TBM

BRADFORD H. COPLEY, et al.,

    Defendants.
_____/

## **ORDER**

Plaintiff, a state prisoner proceeding *pro se,* initiated this cause of action by filing a complaint (Dkt. 1), which the Court construes as a civil action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and 42 U.S.C. § 1983. The complaint appears to allege that the prosecutors who prosecuted the criminal charges against him in 1991-92,[1] acted and conspired to deprive him of liberty and property during his criminal proceedings. The complaint also appears to allege that Defendants' actions violated several federal criminal statutes. Finally, the complaint alleges that Defendants failed to respond to Plaintiff's October 5, 2010 letter in which he requested information pertaining to the 1991-92 criminal proceedings (see Dkt. 1 at "Appendix A"). As relief, Plaintiff seeks monetary damages.

---

[1] The Court takes judicial notice of information contained on the Florida Department Of Corrections Offender Information Network, September 27, 2013, stating that Plaintiff is currently incarcerated after having been convicted in 1992 of burglary of an occupied dwelling. *See* Fed. R. Evid. 201.

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee.

The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a). Because some or all Defendants are governmental employees, Plaintiff's complaint is subject to review pursuant § 1915A.

## Discussion

After careful consideration of Plaintiff's complaint, the Court finds that this action is due to be dismissed.

**A. Prosecutorial Immunity**

It is apparent from the allegations of the complaint that prosecutorial immunity bars recovery on Plaintiff's claim against Defendants. A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . ." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (quotations omitted). *See also Guzman-Rivera v. Rivera-Cruz*, 55 F.3d 26, 31 (1st Cir. 1995) ("Even if it were shown that [prosecutors] reviewed evidence, found Guzman innocent, and did nothing, their decision withal not to dismiss his criminal case lies at the heart of prosecutorial function.") (citation omitted); *Doe v. Boland*, 630 F.3d 491, 498 (6th Cir. 2011) ("[T]he civil RICO statute did not abolish common law absolute immunity for judges and prosecutors.") (citing *Cullinan v. Abramson*, 128 F.3d 301, 308 (6th Cir. 1997)); *Mendenhall v. Goldsmith*, 59 F.3d 685, 690-92 (7th Cir. 1995) (absolute immunity granted to prosecutors in civil RICO proceeding involving seizure and forfeiture); *Van Beek v. AG-Credit Bonus Ptnrs*, 316 Fed. Appx. 554, 555-556 (9th Cir. 2008) (unpublished) (affirming district court's dismissal of RICO claim against Assistant United States Attorney on the basis of prosecutorial immunity); *Parette v. Virden*, 173 Fed. Appx. 534, 536 (8th Cir.

2006) (unpublished) (applying absolute immunity to RICO claims against a prosecutor who was "merely performing duties that were integrally a part of the judicial process when he engaged in the challenged conduct"); *Connor v. Philadelphia*, 1991 U.S. Dist. LEXIS 8058, at **18 (E.D. Pa. June 11, 1991) ("[A] prosecutor is absolutely immune from civil suit under RICO when he is acting within a protected function.").

The allegations in the complaint do not support the assertion that Defendants' purported wrongful conduct was outside their role as prosecutors. Thus, Defendants are entitled to prosecutorial immunity.

**B.   Statute of Limitations**

Moreover, with the exception of the claim that there was no response to Plaintiff's October 5, 2010 letter, which appears to be limited to a claim against Defendant Copley (see Dkt. 1 at "Appendix A"), Plaintiff's claims are barred by the applicable statute of limitations. The Eleventh Circuit Court of Appeals has concluded that "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). Plaintiff did not commence his § 1983 claims within four years of the dates (1991-92) on which he alleges Defendant violated his constitutional rights. Therefore, Plaintiff's constitutional violation claims are subject to dismissal.

Plaintiff's RICO claims are likewise subject to dismissal because civil actions under the RICO are subject to a four-year statute of limitations. *Lehman v. Lucom*, 2013 U.S. App.

4

LEXIS 17947, at *1 (11th Cir. Aug. 28, 2013) (citing *Rotella v. Wood*, 528 U.S. 549, 553 (2000)).

**C.     Criminal Statutes**

Finally, the complaint seeks monetary damages for Defendants' alleged violations of various criminal statutes.  "The Eleventh Circuit has explained that an implied private right of action under a federal statute should only be found where there is  'clear evidence of Congress's intent to create a cause of action.' *McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718, 723 (11th Cir. 2002) (quoting *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1345 (11th Cir. 1997))." *Crooked Creek Props. v. Ensley*, 2009 U.S. Dist. LEXIS 100907, at *21-22 (M.D. Ala. Oct. 28, 2009).  There is no evidence that Congress intended to create a private cause of action under the federal criminal statutes relied upon by Plaintiff. *See Cohen v. Carmel*, 2010 U.S. Dist. LEXIS 90157, at *4 (S.D. Fla. July 27, 2010) (unpublished opinion) ("[t]itle 18, Sections 241 and 242 of the United States Code, are criminal statutes and do not give rise to a private cause of action.") (citing *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1439 (11th Cir. 1985)); *Muhammad v. Bethel-Muhammad*, 2012 U.S. Dist. LEXIS 70330, at *29 (S.D. Ala. May 21, 2012) ("Section [18 U.S.C.] 1001 is a criminal statute that does not provide a private cause of action.") (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) ("[N]either the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect[s] an intent by Congress to create a private right of

5

action." (collecting cases)); *Chilkat Indian Village v. Johnson*, 870 F.2d 1469, 1472 (9th Cir. 1989) (section 641 has never been held to create a private right of action).

## CONCLUSION

The Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's complaint. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) (Dkt. 1).

2. The Clerk of Court shall enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 30, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*